# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**London Division**

| | |
|---|---|
| Bruce Carter<br>    *Plaintiff*<br><br>v.<br><br>LVNV Funding, LLC<br>    *Defendant*<br>Serve:<br>    Corporation Service Company<br>    2711 Centerville Road, Suite 400<br>    Wilmington, DE 19808<br><br>Resurgent Capital Services, L.P.<br>Serve:<br>    Corporation Service Company<br>    421 W. Main Street<br>    Frankfort, KY 40601<br><br>Capital Accounts, LLC<br>Serve:<br>    Incorp Services, Inc.<br>    828 Lane Allen Road, Suite 219<br>    Lexington, KY 40504 | Case No. |

## COMPLAINT and DEMAND FOR JURY TRIAL

    1.    This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which was enacted to eliminate abusive debt collection practices by debt collectors, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), which was enacted to ensure fairness, accuracy and privacy of the personal information contained in the files of the credit reporting agencies.

### JURISDICTION AND VENUE

    2.    This Court has jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k, the FCRA, 15 U.S.C. §1681p, and 28 U.S.C. § 1367.

## PARTIES

3. Plaintiff Bruce Carter is a natural person who resides in Laurel County, Ky. Mr. Carter is a natural individual person and a "consumer" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(3), and the FCRA, as defined at 15 U.S.C. § 1681a(c).

4. Defendant LVNV Funding, LLC ("LVNV") is a Delaware limited liability company, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debts from creditors and collecting these debts in this state. LVNV's principal place of business is located at Bank of America Building, 200 Meeting Street, Suite 206, Charleston, SC 29401-3187.

5. LVNV regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. LVNV's principal purpose is the collection of consumer debts and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6), and a furnisher of credit information within the meaning of the FCRA.

6. Defendant Resurgent Capital Services, L.P. ("Resurgent") is a foreign limited partnership, which is registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of other debt collectors such as LVNV. Resurgent's principal place of business is 15 S. Main St., #400, Greenville SC, 29601.

7. Resurgent is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6). Resurgent is also a furnisher of information within the meaning of the FCRA.

8. Defendant Capital Accounts, LLC ("Capital Accounts") is a Tennessee limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debts from creditors and collecting these debts in this state. Capital Accounts' principal place of business is located at 310 Billingsly Ct., Franklin, TN 37067.

9. Capital Accounts regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. Capital Accounts' principal purpose is the collection of consumer debts and is a "debt collector" within the meaning of the FDCPA and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6), and a furnisher of credit information within the meaning of the Fair Credit Reporting Act.

## STATEMENT OF FACTS

**I.     Facts Relating to All Defendants**

10.     Like many of his fellow Americans, Mr. Carter is keenly aware of the importance of his credit score.

11.     As explained on Bankrate.com, a person's credit score is important to many major life events: including housing, employment, and credit:

> Today's economy runs on credit. If you want to get a mortgage loan for a house or a student loan to pay for college, or if you just want to put your lunch on a credit card, a company is extending credit to you.
>
> Your creditworthiness is defined by your three-digit credit score and is the key to your financial life. Good credit can be the make-or-break detail that determines whether you'll get a mortgage, car loan or student loan. On the other hand, bad credit will make it more difficult for you to get a credit card with a low interest rate and it will make it more expensive to borrow money for any purpose, says Liz Pulliam Weston, author of "Your Credit Score."
>
> But even if you're not in the market for a loan, good credit can have a major impact, Weston says.
>
> "Your credit information can be a factor in whether or not you can rent a nice apartment, how much you pay for insurance or whether or not you can get a job," she says. Landlords, insurers and employers frequently use credit information as a litmus test to see if the people they are dealing with are reliable and responsible.
>
> Bad credit can suggest you're a risky bet. While bad credit may only show the details of how you deal with debt, some will extrapolate the characteristics from your financial life to other situations and assume that your bad credit implies that you may be just as irresponsible driving a car, taking care of an apartment or showing up for a job, Weston notes.
>
> Good credit can signify that your financial situation—and the rest of your life—is on the right track.[1]

12.     In an effort to improve his credit score and rating, Mr. Carter recently reviewed his

---

[1] http://www.bankrate.com/finance/credit-cards/why-is-good-credit-so-important.aspx

consumer credit reports and discovered negative credit information furnished by **(i)** Resurgent Capital Services, L.P. on behalf of LVNV Funding, LLC, and **(ii)** Capital Accounts, LLC.

## II.    Facts Relating to LVNV Funding, LLC and Resurgent Capital Services, L.P.

### A.    The Relationship between LVNV and Resurgent

13.    Even though LVNV Funding, LLC ("LVNV") engages in substantial and significant debt collection activity across the country, LVNV apparently has no employees. *See* Statement of Material Facts filed as Dkt. #69 in *Randall v. Nelson & Kennard*, 2:09-cv-00387 (D.Ariz. filed Aug. 9, 2010).

14.    Resurgent Capital Services, L.P. ("Resurgent") services LVNV's debt collection "pursuant to a written agreement and power of attorney." *Id.*

### B.    Facts as to LVNV and Resurgent

15.    When Mr. Carter reviewed his credit reports as alleged *supra*, he discovered negative credit information furnished by Resurgent on LVNV's behalf in connection with a debt originated by Windstream Communications, Inc. ("Windstream").

16.    Mr. Carter incurred the debt to Windstream for personal, family, and household purposes, which makes the Windstream debt a "debt" within the meaning of the FDCPA.

17.    Resurgent, on LVNV's behalf, first began furnishing information to one or more consumer reporting agencies ("CRA's") in June 2014.

18.    In June 2014, Resurgent reported that the amount of the Windstream debt was $253.00.

19.    Mr. Carter reviewed his August 22, 2017 credit reports, on which he discovered that Resurgent was falsely reporting that the amount of the Windstream debt was $263.00.

20.    Resurgent, on LVNV's behalf, furnished negative credit information concerning Mr. Carter and the Windstream debt to one or more consumer reporting agencies for the purpose of collecting a "debt" from him. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

21. The negative credit information furnished by Resurgent on LVNV's behalf was false because it included $10 in additional fees and costs that LVNV had no legal right to recover from Mr. Carter.

22. In an effort to correct the erroneous credit information regarding the Windstream debt supplied by LVNV, Mr. Carter sent a dispute letter to the three major CRA's, Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union"), which disputed the amount of the Windstream debt furnished by Resurgent furnished on LVNV's behalf

23. Equifax, Experian, and Trans Union forwarded notice of Mr. Carter's dispute to Resurgent, which thereby triggered Resurgent's duty under 15 U.S.C. §1681s-2(b) to reinvestigate the Windstream debt.

24. Resurgent failed to conduct a reasonable investigation into Mr. Carter's dispute concerning the negative credit information concerning Mr. Carter and the alleged Windstream debt that LVNV is furnishing to Experian.

25. Resurgent falsely verified the accuracy of the disputed negative credit information concerning the alleged Windstream debt to Equifax, Experian, and Trans Union.

26. Resurgent, on LVNV's behalf, continued to falsely report that the $263.00 was the current balance due on the Windstream debt.

27. As a result of Resurgent's failure to conduct a reasonable investigation of Mr. Carter's dispute, Mr. Carter suffered actual damages in the form of a lowered credit score and denial of credit.

28. LVNV and Resurgent violated the FDCPA by transmitting false credit information concerning Mr. Carter and the Windstream debt to one or more consumer reporting agencies and by adding interest and/or fees to the Windstream debt that neither LVNV nor Resurgent had any legal right to recover from Mr. Carter.

29. Resurgent violated the FCRA by failing to conduct a reasonable investigation of Mr. Carter's dispute after receiving notice of the dispute from Equifax, Experian, and Trans Union and by failing to correct and update false and inaccurate credit information concerning Mr. Carter and the Windstream debt.

### III. Facts Relating to Capital Accounts, LLC

30. When he reviewed his credit reports, Mr. Carter discovered negative credit information furnished by Capital Accounts, LLC ("Capital Accounts") in connection with a medical debt placed with Capital Accounts for collection.

31. Mr. Carter incurred the Capital Accounts medical debt for personal, family, and household purposes, which makes the Capital Accounts medical debt a "debt" within the meaning of the FDCPA.

32. Capital Accounts began reporting negative credit information in February 2014 with a balance due of $599.

33. Capital Accounts steadily increased the amount of the medical debt it reported on Mr. Carter's credit reports each month through March 2017, at which time Capital Accounts was reporting that the total amount due on the Capital Accounts medical debt was $791.

34. Capital Accounts furnished negative credit information concerning Mr. Carter and the medical debt to one or more consumer reporting agencies for the purpose of collecting a "debt" from him. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

35. The negative credit information furnished by Capital Accounts was false because it included $292 in additional fees and costs that LVNV had no legal right to recover from Mr. Carter.

36. Capital Accounts violated the FDCPA by transmitting false credit information concerning Mr. Carter and the medical debt to one or more consumer reporting agencies and by adding interest and/or fees to the Capital Accounts medical debt that Capital Accounts had no legal right to recover from Mr. Carter.

### Claims for Relief

### I. Claims against LVNV Funding, LLC

37. The foregoing acts and omissions of LVNV Funding, LLC constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## II. Claims against Resurgent Capital Services, L.P.

### a. Fair Debt Collection Practices Act

38. The foregoing acts and omissions of Resurgent Capital Services, L.P. violate the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

### b. Fair Credit Reporting Act

39. The foregoing acts and omissions of Resurgent Capital Services, L.P. violate the FCRA.

40. After being informed by Equifax, Experian, and Trans Union that Mr. Carter disputed the accuracy of the information it was providing concerning Mr. Carter and the Windstream debt, Resurgent willfully failed to conduct a proper investigation of Mr. Carter's disputes filed with Equifax, Experian, and Trans Union that Resurgent was furnishing false negative credit information about Mr. Carter and the Windstream debt.

41. Resurgent willfully failed to review all relevant information purportedly provided by Equifax, Experian, and/or Trans Union to Resurgent in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

42. Resurgent willfully failed to direct Equifax, Experian, and Trans Union to delete inaccurate information about Mr. Carter pertaining to the Windstream debt as required by 15 U.S.C. §1681s-2(b)(C).

43. Mr. Carter has a private right of action to assert claims against Resurgent arising under 15 U.S.C. §1681s-2(b).

44. Resurgent is liable to Mr. Carter for the actual damages he has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681n.

45. In the alternative, Resurgent's actions were negligent, which makes Resurgent liable to Mr. Carter for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681o.

### III. Claims against Capital Accounts, LLC

46. The foregoing acts and omissions of Capital Accounts, LLC constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Bruce Carter requests that the Court grant the following relief:

1. Award Plaintiff his actual damages against each Defendant pursuant to the FDCPA and/or FCRA;

2. Award Plaintiff maximum statutory damages against each Defendant pursuant to the FDCPA and/or FCRA;

3. Award Plaintiff punitive damages against Resurgent Capital Services, L.P. pursuant to the FCRA, 15 U.S.C. § 1681n;

4. Award Plaintiff his reasonable attorney's fees and costs;

5. Grant Plaintiff a trial by jury on all issues deemed triable; and

6. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:  (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:  (502) 473-6561
james@kyconsumerlaw.com